NELSON BOWLSBY, AS OVERSEER OF THE POOR, ETC. APPELLANT, *v.* MARIA TOMPKINS, ELI A. DUNHAM AND HERMAN E. DUNHAM, RESPONDENTS, IMPLEADED WITH JOHN CHAPMAN.

*Action by overseer of the poor — what disposition of his property by the father of a lunatic is lawful.*

A father conveyed certain land to his daughter, she agreeing, as part of the consideration for the conveyance, to support and provide with medical attendance a son who was insane.   Subsequently, the daughter reconveyed the property to the father, and he again conveyed it to her by a deed containing no clause by which the support of the son was charged upon her.

In an action, by the overseer of the poor of the town, to set aside this conveyance as fraudulent, as being intended to impose upon the town the burden of supporting the son, *held*, that the action could not be maintained.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiff, as overseer of the poor of the town of Catherine, to set aside certain conveyances as fraudulent. The defendant John B. Chapman, on December 13, 1873, conveyed to his daughter, Maria Tompkins, certain land, the deed providing that "as a part of the consideration of this conveyance the second party hereby agrees to live upon said premises, and there maintain, care for and support the first party in a kind and suitable living in food, clothing, washing, mending and lodging, so long as he shall live, and also, in like manner, care for and support, in a good and comfortable living and clothing, the son of the first party Chauncey B. Chapman, so long as he shall live ; and to provide both with medical attendance in sickness, during their lives and the survivor of them."

" A failure to perform these stipulations, on the part -of the second party, shall work a forfeiture of this conveyance, and, in that event, revert to the first party ; and the support of my son, Chauncey B. Chapman, if he should survive me, is charged upon the premises herein described, during his life."

The son Chauncey was, and had been from his infancy, hopelessly insane, and entirely unable to support himself. In 1876, the daughter applied to have the son sent to an insane asylum, but the application was refused unless she would pay his support there. Thereafter she voluntarily conveyed the premises, by a quit-claim deed, to her father, who simultaneously reconveyed them to her by a warranty deed, which omitted the clause by which she agreed to support her father and brother. This action was brought to set aside these conveyances as fraudulent.

*M. M. Mead,* for the appellant.

*O. P. Hurd,* for the respondents.

*Per Curiam :*

We do not see that the plaintiff has any standing in court to maintain this action. He seeks equitable relief in setting aside alleged fraudulent conveyances. But the plaintiff is not a creditor by judgment, nor even by simple contract. Nor has he obtained by any proceedings an adjudication establishing any liability to

him, in his official capacity or otherwise, of the alleged fraudulent grantor, or of any person.    Until he shall have established such legal liability, and shall have been unable to enforce it, from inability to find property of the alleged fraudulent grantor, he will not be in a situation to attack a conveyance as fraudulent in respect to him.

Whether he can, by any proceedings, obtain the rights of a judgment creditor so as to be entitled to maintain this action we need not decide.

The judgment must be affirmed, with costs.

Present — LEARNED, BOARDMAN and FOLLETT, JJ.

Judgment affirmed, with costs.